FILED

NOV 05 2018

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY              DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO GARCIA-VASQUEZ,<br><br>　　　　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Case No.: 16CV0991-BEN<br>　　　　　　15CR0217-BEN<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

　　Movant, RICARDO GARCIA-VASQUEZ, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Respondent, the United States of America, filed a response and Movant filed a Traverse. The motion is denied.

**BACKGROUND**

　　On January 29, 2015, the Government filed a one-count information charging Movant with violation of 8 U.S.C. § 1326(a) and (b), Removed Alien Found in the United States. Movant entered into a plea agreement with the government, in which he waived, to the full extent of the law, any right to appeal or to collaterally attack the

1

conviction and sentence. Movant thereafter pleaded guilty and came before this Court for sentencing. The Court sentenced Movant to 37 months in custody and a term of supervised release of three years.

By his motion, Movant essentially argues that he is entitled to a reduced sentence pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

**LEGAL STANDARD**

Under § 2255, a movant is entitled to relief if the sentence: (1) was imposed in violation of the Constitution or the laws of the United States; (2) was given by a court without jurisdiction to do so; (3) was in excess of the maximum sentence authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005). If it is clear the movant has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986) ("Where a prisoner's motion presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required."). Here, none is needed.

**DISCUSSION**

Because Movant is a deported alien no longer in custody, and for which no sentencing relief is now possible, the motion is moot. *C.f., United States v. Castro-Verdugo*, 750 F.3d 1065, 1076 (9th Cir. 2014) (Breyer, J., dissenting) ("Finally, once the Defendant was removed from the country . . . any attempt to correct the [sentencing] error likely would have been denied as moot . . . . As long as Defendant was in Mexico, the imposition of probation, albeit illegal, was moot and the case or controversy requirement could not have been satisfied where, as here, the Defendant does not continue to suffer actual collateral consequences.") (citations omitted); *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) ("[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live

2

controversy once the petitioner is released from custody. For example, a petitioner subject to the collateral consequences of a ten-year bar to reentry did not present a cognizable claim where the petitioner was also permanently barred from reentry on a wholly separate ground."). Here, Movant was already subject to a lifetime bar of reentry by virtue of his previous deportations. No change in his sentence now would afford any relief.

If the motion were not moot, it would fail because Movant validly waived his right to collaterally attack his sentence. Courts enforce plea agreements containing knowing and voluntary waivers of statutory rights of appeal or collateral attack because such "waivers usefully preserve the finality of judgments and sentences imposed pursuant to valid plea agreements." *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000); *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016) ("We will enforce a valid waiver even if the claims that could have been made on appeal absent that waiver appear meritorious, because the whole point of a waiver is the relinquishment of claims regardless of their merit."); *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (courts enforce a waiver of appeal, as long as the waiver is knowingly and voluntary and encompasses the defendant's right to appeal on the grounds claimed on appeal). The Ninth Circuit recognizes that strong public policy considerations justify the enforcement of a defendant's waiver of his right to appeal or to collaterally attack a judgment. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). Waivers play an important role in the plea bargaining process and help ensure finality. *Id.* at 322. The finality of judgments benefits both the government and the courts. *Id.* In exchange for the defendant's guilty plea and waiver of rights to appeal and collaterally attack, the government and the courts need not spend resources on litigation after the sentencing. *Id.* The defendant gets a lower sentencing recommendation and the court is more willing to agree to a lower sentence than would be the case absent the waivers. "Collateral attack pursuant to a statutory provision is also subject to a knowing and voluntary waiver."

3

*United States v. Leniear*, 574 F.3d 668, 672 n.3 (9th Cir. 2009); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

Here, the Plea Agreement provides that Movant expressly waived, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing. The Court imposed a sentence within the guideline range recommended by the Government. Under the plain language of the Plea Agreement, Movant waived his right to collaterally attack his sentence. In addition, Movant entered into the waiver knowingly and voluntarily. The waiver is clearly stated in the Plea Agreement. In the Plea Agreement, Movant certified that he knowingly and voluntarily entered into the Plea Agreement, read it, discussed its terms with his attorney, and fully understood its meaning and effect. This Court advised Movant of the rights he was giving up by pleading guilty. Movant affirmed that he had discussed the Plea Agreement with his attorneys, understood it, and did not have any questions. Finally, at the conclusion of sentencing, Movant and his attorney both acknowledged verbally that Movant had given up his right to collaterally attack. Accordingly, Movant's waiver was valid and will be enforced.

Additionally, contrary to his contentions, Movant's sentence was not unconstitutionally enhanced under *Johnson*. In *Johnson*, the Supreme Court considered language in the Armed Career Criminal Act ("ACCA"). The ACCA imposes a mandatory minimum sentence of 15 years for a defendant who violates 18 U.S.C. § 922(g) and "has three previous convictions by any court . . . for a violent felony or serious drug offense, or both." 18 U.S.C. § 924(e)(1). The Supreme Court examined the definition of "violent felony" and held that a portion of that definition known as the "residual clause" is void for vagueness. Imposing an increased sentence under the residual clause of the ACCA's definition of "violent felony" violates the Constitution's

4

guarantee of due process. *Johnson*, 135 S. Ct. at 2563. The Supreme Court expressly confined its holding to this particular portion of the statute and confirmed that its holding does not apply to the "serious drug offense" clause or the remainder of the "violent felony" definition. *Id.*

*Johnson* is inapplicable here because Movant was not sentenced under the residual clause of the violent felony definition of the ACCA. *See United States v. Ruiz-Diaz*, 668 F. App'x 289, 290 (9th Cir. 2016) ("Because the [sentencing] enhancement was not predicated on a residual clause like the one struck down in *Johnson*, there is no arguable issue as to whether [defendant's] sentence is illegal."). Rather, he was sentenced pursuant to 8 U.S.C. § 1326, which was not implicated by *Johnson*. *See United States v. Padilla*, Case No. 2:10CR-00454-CAS, 2017 WL 962756, at *3, 2017 U.S. Dist. LEXIS 35650, at *8-9 (C.D. Cal. Mar. 13, 2017) (finding *Johnson* inapplicable to petitioner's § 2255 petition because petitioner's "sentence was not based upon any guidelines that might have been implicated by *Johnson*."). Movant's motion may be construed as challenging the Sentencing Guidelines as unconstitutionally vague based on the same reasoning as *Johnson*. However, the Supreme Court rejected that argument in *Beckles v. United States*, 137 S. Ct. 886 (2017), holding that the federal Sentencing Guidelines are not subject to vagueness challenges under the due process clause. *Id.* at 890, 892, 895.

As there are no arguable grounds to collaterally attack Movant's sentence as illegal, the Court enforces the collateral attack waiver. *Ruiz-Diaz*, 668 F. App'x at 290 (citing *United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009)). Alternatively, Movant's motion is denied on the merits.

**CONCLUSION**

The Motion to Vacate, Set Aside, or Correct Sentence is **DENIED.** A court may issue a certificate of appealability where the movant has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S.

322, 335 (2003). This Court finds that Movant has not made the necessary showing. A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: ___11/03___, 2018

Hon. Roger T. Benitez
United States District Judge